# Exhibit B

# GUARANTY

1. In consideration of and in order to induce DS-CONCEPT TRADE INVEST, LLC ("DS-Concept") to enter into that certain Account Receivable Purchase Agreement, dated as of July 29, 2013 (the "Agreement") with GORMET FOOD IMPORTS LTD, a registered Bulgarian trade company with ID No. 202667037, ("Client"), and for other good and valuable consideration, receipt of which is duly acknowledged, each of the undersigned guarantors (each a "Guarantor" and collectively "Guarantors") agrees to absolutely and unconditionally guarantee to DS-Concept and each of its affiliates, the prompt and unconditional payment (whether at maturity, by acceleration or otherwise) of any and all obligations and liabilities of every kind, nature and character (including all renewals, extensions and modifications thereof) of Client to DS-Concept or any of its affiliates howsoever created or arising, whether or not represented by negotiable instruments or other writings, whether now existing or hereafter incurred, whether originally contracted with DS-Concept or its affiliates or with another and having been assigned or transferred to DS-Concept or otherwise acquired by DS-Concept or any of its affiliates, whether contracted by Client alone or jointly with others, and whether absolute or contingent, secured or unsecured, matured or unmatured (collectively, the "Obligations"), including but not limited to any and all sums, commissions, late charges and other fees, disbursements, expenses, reasonable legal fees and any deficiency upon enforcement of collateral, agreements and contracts in connection with all of such Obligations.

2. Each Guarantor consents that without notice to or further assent, any or all Obligations may be renewed, extended, modified, accelerated or released by DS-Concept or its affiliates as it may deem advisable in its sole and absolute discretion, and that any collateral security or securities which DS-Concept or any of its affiliates holds may be exchanged, sold, released, or surrendered by it, as it may deem advisable in its sole and absolute discretion, without impairing or affecting the obligation of such Guarantor hereunder.

3. Each Guarantor waives any and all notice of the acceptance of this Guaranty, or of the creation, renewal or accrual of any obligations or liability of Client to DS-Concept or its affiliates, present or future, or of the reliance of DS-Concept upon this Guaranty. Any and every obligation or liability of Client to DS-Concept or any of its affiliates herein described shall conclusively be presumed to have been created, contracted or incurred in reliance upon this Guaranty, and all dealings between Client and DS-Concept and its affiliates shall likewise be presumed to be in reliance upon this Guaranty. Each Guarantor waives protest, presentment, demand for payment, notice of default or non-payment, notice of dishonor to or upon such Guarantor, Client or any other party liable for any Obligations and waives the benefit of all provisions of law which are or might be in conflict with the terms of this Guaranty.

4. This Guaranty shall be construed as an absolute and unconditional Guaranty of payment without regard to the validity, regularity or enforceability of any Obligation or purported obligation of Client. DS-Concept and its affiliates shall have all of its remedies under this Guaranty without being obliged to resort first to any security or to any other remedy or remedies to enforce payment or collection of the Obligations hereby guaranteed and may pursue all or any of its remedies at once or at different times.

5.   Upon the occurrence of a default under the Agreement or a default by any Guarantor or any other guarantor with respect to any obligations or liabilities of any of them to DS-Concept or its affiliates, or if any Guarantor or any other guarantor shall become insolvent or make an assignment for the benefit of creditors, or if a petition in bankruptcy be filed by or against any of the Guarantors or any other guarantor (provided however that in the event a petition in bankruptcy is filed against any of the Guarantors or any other guarantor, such petition is not dismissed within sixty (60) days of filing) or in the event of the appointment of a receiver (either at law or in equity) of any of the Guarantors or any other guarantor, or in the event that a judgment is obtained in an amount in excess of $100,000 or warrant of attachment issued against any of the Guarantors or any other guarantor, or in the event that the financial or business condition of any of them shall so change as in the opinion of DS-Concept will materially impair its security or increase its risk, then all or any part of the Obligations and liabilities of Client and/or of the Guarantor to DS-Concept and its affiliates hereunder, whether direct or contingent, and of every kind and description, shall, without notice or demand become immediately due and owing by each Guarantor, and in any of such events, and whether or not the said liabilities and Obligations guaranteed are due and payable, DS-Concept may (in addition to its rights and remedies under the terms of any other agreement with Client, any Guarantor, any other guarantor of any of the Client's obligations to DS-Concept, or any of them), without demand of performance or advertisement or notice of intention to sell or of time or place of sale, or to redeem, or other notice whatsoever to any Guarantor or to Client (all and each of which demands, advertisements and notices being expressly waived), take any other action to enforce its rights under this Guaranty.

6.   Until all Obligations have been paid in full in cash and the Agreement has been irrevocably terminated, each Guarantor waives any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim which such Guarantor may now or hereafter have against Client, or any person or entity directly or contingently liable for the obligations guaranteed hereunder, or against or with respect to the Client's property arising from the existence or performance of this Guaranty.

7.   Each Guarantor represents and warrants that there is no existing indemnification agreement, whether qualified or unqualified, between the such Guarantor and Client. Each Guarantor waives any right such Guarantor may otherwise have to seek a stay from any bankruptcy court, in which Client may become a debtor, of any claim or cause of action hereinafter asserted against any Guarantor on this Guaranty, whether in an action commenced against any Guarantor prior to or instituted following the filing of a petition under applicable bankruptcy law, by or against Client. Each Guarantor further acknowledges that this waiver hereinabove is specifically provided to DS-Concept as an inducement to it to enter into the Agreement.

8.   IN ANY LEGAL ACTION OR PROCEEDING, DIRECTLY OR INDIRECTLY, RELATING TO THIS GUARANTY OR ANY OTHER DOCUMENT, INSTRUMENT OR AGREEMENT DELIVERED PURSUANT HERETO OR PURSUANT TO THE AGREEMENT, (A) EACH GUARANTOR HEREBY, TO THE FULLEST EXTENT IT MAY EFFECTIVELY DO SO, IRREVOCABLY AND UNCONDITIONALLY WAIVES THE RIGHT TO TRIAL BY JURY IN CONNECTION WITH ANY SUCH LEGAL ACTION OR PROCEEDING, (B) EACH GUARANTOR

NY1137273.1
218302-10003

2

HEREBY, TO THE FULLEST EXTENT IT MAY EFFECTIVELY DO SO, IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER IN ANY SUCH LEGAL ACTION OR PROCEEDING ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN ACTUAL DAMAGES AND (C) EACH GUARANTOR HEREBY, TO THE FULLEST EXTENT IT MAY EFFECTIVELY DO SO, IRREVOCABLY AND UNCONDITIONALLY WAIVES THE RIGHT TO INTERPOSE ANY NON-COMPULSORY SETOFF, RECOUPMENT, COUNTERCLAIM OR CROSS-CLAIM IN CONNECTION WITH ANY SUCH LEGAL ACTION OR PROCEEDING. EACH GUARANTOR AGREES THAT THIS SECTION IS A SPECIFIC AND MATERIAL ASPECT OF THIS GUARANTY AND ACKNOWLEDGES THAT DS-CONCEPT WOULD NOT EXTEND TO CLIENT ANY FINANCIAL ACCOMMODATIONS IF THIS SECTION WERE NOT PART OF THIS GUARANTY

9. THIS GUARANTY AND THE OBLIGATIONS OF EACH GUARANTOR ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE, WITHOUT REGARD TO THE CONFLICT OF LAW PRINCIPLES THEREOF.

10. EACH GUARANTOR HEREBY IRREVOCABLY AND UNCONDITIONALLY: (a) SUBMITS FOR ITSELF AND ITS PROPERTY IN ANY LEGAL ACTION OR PROCEEDING, DIRECTLY OR INDIRECTLY, RELATING TO THIS GUARANTY OR ANY OTHER DOCUMENT, INSTRUMENT AND/OR AGREEMENT TO WHICH IT IS A PARTY, OR FOR RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT IN RESPECT THEREOF, TO THE NON-EXCLUSIVE GENERAL JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK IN THE COUNTY OF NEW YORK AND THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK; (b) CONSENTS THAT ANY SUCH ACTION OR PROCEEDING MAY BE BROUGHT IN SUCH COURTS AND WAIVES ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING IN ANY SUCH COURT OR THAT SUCH ACTION OR PROCEEDING WAS BROUGHT IN AN INCONVENIENT COURT AND AGREES NOT TO PLEAD OR CLAIM THE SAME; (c) AGREES THAT SERVICE OF PROCESS IN ANY SUCH ACTION OR PROCEEDING MAY BE EFFECTED BY MAILING A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL (OR ANY SUBSTANTIALLY SIMILAR FORM OF MAIL), POSTAGE PREPAID, TO IT AT ITS ADDRESS SET FORTH ON THE SIGNATURE PAGE OF THIS GUARANTY OR AT SUCH OTHER ADDRESS OF WHICH DS-CONCEPT SHALL HAVE RECEIVED NOTIFICATION IN WRITING; AND (d) AGREES THAT NOTHING HEREIN SHALL AFFECT THE RIGHT TO EFFECT SERVICE OF PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR SHALL LIMIT THE RIGHT TO SUE IN ANY OTHER JURISDICTION

11. If any amount due from any Guarantor under this Guaranty, or any order, judgment or award given or made in relation to this Guaranty has to be converted from one currency (such currency the "First Currency") to another currency (the "Second Currency") for

the purpose of (a) making or filing a claim or proof of claim against Guarantor or (b) obtaining or enforcing an order, judgment or award in relation to any litigation or arbitration proceedings, Guarantor shall as an independent obligation, within three (3) business days of demand, indemnify DS-Concept against any cost, loss or liability arising out of or as a result of the conversion including, without limitation, any discrepancy between (i) the rate of exchange used to convert such amount from the First Currency to the Second Currency and (ii) the rate or rates of exchange available at the time of receipt of such amount. All amounts due from any Guarantor under this Guaranty shall be payable in the same currency and amount of payment due from Client in the local currency in which the obligation first arose. Payments are guaranteed in local currency and will include interest from the first day the payment obligation arose until the date of receipt of immediately available funds by DS-Concept in payment of such obligation. Interest shall be calculated at a rate per annum equal to the prime rate as quoted in the Wall Street Journal.

12. All payments required to be made by each Guarantor hereunder shall be made to DS-Concept free and clear of, and without deduction for, any and all present and future taxes, levies, imposts, deduction, charges or withholdings and all liabilities with respect thereto (collectively, "Taxes"). If any Guarantor shall be required by law to deduct any Taxes from or in respect of any sum payable hereunder, (a) the sum payable shall be increased as much as shall be necessary so that after making all required deductions DS-Concept receives an amount equal to the sum it would have received had no such deductions been made, (b) such Guarantor shall make such deductions, and (c) such Guarantor shall pay the full amount deducted to the relevant taxing or other authority in accordance with applicable law. In addition, each Guarantor agrees to pay to the relevant governmental authority in accordance with applicable law any present or future stamp or documentary taxes or any other excise or property taxes, charges or similar levies that arise from any payment made hereunder or from the execution, delivery or registration of, or otherwise with respect to, this Guaranty ("Other Taxes"). Within thirty (30) days after the date of any payment of Taxes or Other Taxes, the applicable Guarantor shall furnish to DS-Concept the original or a certified copy of a receipt evidencing payment thereof. Each Guarantor shall jointly and severally indemnify and, within ten (10) days of demand therefor, pay DS-Concept for the full amount of Taxes or Other Taxes paid by DS-Concept and any liability (including penalties, interest and expenses) arising therefrom or with respect thereto, whether or not such Taxes or Other Taxes were correctly or legally asserted.

13. Each Guarantor agrees that, whenever an attorney is used to obtain payment under or otherwise enforce this Guaranty or to enforce, declare or adjudicate any rights or obligations under this Guaranty, whether by legal proceeding or by any other means whatsoever, DS-Concept's and its affiliates' reasonable attorneys' fees plus costs and verifiable expenses shall be payable by such Guarantor. Each Guarantor waives the performance of each and every condition precedent to which such Guarantor might otherwise be entitled by law.

14. Each Guarantor is fully aware of the financial condition of Client and is executing and delivering this Guaranty at Client's request and based solely upon such Guarantor's own independent investigation of all matters pertinent hereto, and no Guarantor is relying in any manner upon any representation or statement of DS-Concept or its affiliates with respect thereto. Each Guarantor represents and warrants that it is in a position to obtain, and such Guarantor assumes full responsibility for obtaining, any additional information concerning Client's

NY1137273.1
218302-10003

4

financial condition and any other matter pertinent hereto as such Guarantor may desire, and no Guarantor is relying upon or expecting DS-Concept or its affiliates to furnish to such Guarantor any information now or hereafter in DS-Concept's possession concerning the same or any other matter. By executing this Guaranty, each Guarantor knowingly accepts the full range of risks encompassed within a contract of continuing guaranty, which risks include, without limitation, the possibility that Client will incur additional Obligations for which such Guarantor will be liable hereunder after Client's financial condition or ability to pay such Obligation has deteriorated and/or after bankruptcy or insolvency proceedings have been commenced by or against Client. No Guarantor shall have any right to require DS-Concept or its affiliates to obtain or disclose any information with respect to the Obligation, the financial condition or character of Client, the existence of any collateral or security for any or all of the Obligation, the filing by or against Client of any bankruptcy or insolvency proceeding, the existence of any other guaranties of all or any part of the Obligations, any action or non-action on the part of DS-Concept or its affiliates, Client, or any other person, or any other matter, fact or occurrence.

15. Each Guarantor acknowledges that this Guaranty and such Guarantor's obligations under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any kind or nature whatsoever which might otherwise constitute a defense to this Guaranty and the obligations of such Guarantor under this Guaranty or the obligations of any other person or entity (including, without limitation, Client) relating to this Guaranty or the obligations of the Guarantor hereunder or otherwise with respect to any transactions involving Client and DS-Concept or its affiliates. This Guaranty sets forth the entire agreement and understanding of DS-Concept and each Guarantor, and each Guarantor absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or cross-claim of any nature whatsoever (including, but not limited to, fraud in the inducement and commercially unreasonable disposition of collateral of Client) with respect to this Guaranty or the obligations of such Guarantor under this Guaranty or the obligations of any other person or entity (including, without limitation, Client) relating to this Guaranty or the obligations of such Guarantor under this Guaranty or otherwise with respect to any transactions involving Client and DS-Concept or its affiliates in any action or proceeding brought by its successors and assigns, to collect the Obligations or any portion thereof, or to enforce the obligations of such Guarantor under this Guaranty. Each Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exists with respect to this Guaranty or with respect to the obligations of such Guarantor under this Guaranty, except as specifically set forth in this Guaranty.

16. In the event this Guaranty is signed by more than one signatory, each of the undersigned shall be jointly and severally liable for all of the obligations of Guarantor hereunder.

[Signature page follows]

NY1137273.1
218302-10003

5

IN WITNESS WHEREOF, each Guarantor has executed this Guaranty as of the 29th day of July, 2013.

GOURMET FOOD IMPORTS, LLC

By: TRAIAN JIKOVSKI
Name:
Title:
Address: 3522 Mt. Diablo Boulevard, Suite 905
Lafayette, CA 94549