# Exhibit I

Robert S. Levy
Larry N. Stopol
Paul A. Juergensen
LEVY, STOPOL & CAMELO
136 N. Washington Avenue, Suite 205
North Bergenfield, New Jersey 07621
(201) 385-7007
*Attorneys for Defendant*
  *Atalanta Corporation*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSERY

| | |
|---|---|
| DS-CONCEPT TRADE INVEST LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>ATALANTA CORPORATION, GORMET<br>FOOD IMPORTS LTD and GOURMET<br>FOOD IMPORTS, LLC,<br><br>                  Defendants. | Civil Action No. 2:16-cv-00429 (SRC)(CLW)<br><br><br>**AMENDED ANSWER, AFFIRMATIVE<br>DEFENSES & CROSSCLAIMS**<br><br><br><u>**JURY TRIAL DEMANDED**</u> |
| ATALANTA CORPORATION,<br><br>      Defendant-Crossclaim Plaintiff,<br><br>        v.<br><br>GORMET FOOD IMPORTS LTD and<br>GOURMET FOOD IMPORTS, LLC,<br><br>      Defendants-Crossclaim Defendants. | |

       Atalanta Corporation (hereinafter "Atalanta" or Defendant"), by and through its

undersigned counsel, for its Answer to Plaintiff's Complaint, denies all allegations which are not

specifically admitted herein and further pleads as follows. Atalanta's use of the headings contained in the Plaintiff's Complaint are for purposes of convenience only:

### The Parties

1.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint and therefore denies same.

2.     Atalanta admits the allegations in paragraph 2 of the Complaint.

3.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of the Complaint and therefore denies same.

4.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the Complaint and therefore denies same.

5.     To the extent that a response is required to paragraph 5 of the Complaint, Atalanta admits that Gormet LTD and Gourmet LLC are sometimes collectively referred to by Plaintiff as "Gourmet".

### Jurisdiction and Venue

6.     Atalanta admits the allegations in paragraph 6 of the Complaint.

7.     Atalanta admits the allegations in paragraph 7 of the Complaint as to defendant Atalanta except that Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 7 directed to the other defendants and therefore denies same.

8.     Atalanta admits the allegations in paragraph 8 of the Complaint.

### Facts Common to All Counts

9.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint and therefore denies same.

10.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint and therefore denies same.

2

11.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint and therefore denies same.

12.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint and therefore denies same.

13.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint and therefore denies same.

14.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint and therefore denies same.

15.     Atalanta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies same.

16.     Atalanta denies the allegations in paragraph 16 of the Complaint except admits that it has purchased and continues to purchase cheese from Gourmet.

17.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint and therefore denies same, except that Atalanta admits that what is labelled a copy of a "Notice of Assignment I" is annexed to the Complaint as Exhibit D.

18.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint and therefore denies same.

19.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint and therefore denies same, except that Atalanta admits that what is labelled a copy of a "Notice of Assignment II" is annexed to the Complaint as Exhibit E.

20.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint and therefore denies same.

21.     Atalanta denies the allegations in paragraph 21 of the Complaint.

22.     Atalanta denies the allegations in paragraph 22 of the Complaint.

23.     Atalanta denies the allegations in paragraph 23 of the Complaint.

24.     Atalanta denies the allegations in paragraph 24 of the Complaint.

25.      Atlanta denies the allegations in paragraph 25 of the Complaint.

26.     Atalanta denies the allegations in paragraph 26 of the Complaint.

27.     Atalanta denies the allegations in paragraph 27 of the Complaint.

28.     Atalanta denies the allegations in paragraph 28 of the Complaint except admits that Atalanta has not paid DS-Concept for the Invoices.

29.     Atalanta denies the allegations in paragraph 29 of the Complaint.

30.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Complaint and therefore denies same.

31.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of the Complaint and therefore denies same.

32.     Atalanta denies the allegations in paragraph 32 of the Complaint with respect to Atalanta. Atalanta lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 32 of the Complaint and therefore denies same.

33.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint and therefore denies same.

## FIRST COUNT
### (Breach of Contract – Atalanta)

34.     Atalanta repeats and realleges its responses to Plaintiff's allegations set forth in paragraphs 1-33 above.

35.     Atalanta denies the allegations in paragraph 35 of the Complaint.

36.     Atalanta denies the allegations in paragraph 36 of the Complaint.

37.     Atalanta denies the allegations in paragraph 37 of the Complaint.

38.     Atalanta denies the allegations in paragraph 38 of the Complaint.

## SECOND COUNT
### (Quantum Meruit – Atalanta)

39.     Atalanta repeats and realleges its responses to Plaintiff's allegations set forth in paragraphs 1-38 above.

40.     Atalanta denies the allegations in paragraph 40 of the Complaint.

41.     Atalanta denies the allegations in paragraph 41 of the Complaint.

42.     Atalanta denies the allegations in paragraph 42 of the Complaint.

## THIRD COUNT
### (Book of Account Balance – Atalanta)

43.     Atalanta repeats and realleges its responses to Plaintiff's allegations set forth in paragraphs 1-42 above.

44.     Atalanta denies the allegations in paragraph 44 of the Complaint.

45.     Atalanta denies the allegations in paragraph 45 of the Complaint except admits that Atalanta has not paid the Invoices.

46.     Atalanta denies the allegations in paragraph 46 of the Complaint.

**FOURTH COUNT**
**(Accounting/Demand For Payment – Atalanta)**

47.     Atalanta repeats and realleges its responses to Plaintiff's allegations set forth in paragraphs 1-46 above.

48.     Atalanta denies the allegations in paragraph 48 of the Complaint.

49.     Atalanta denies the allegations in paragraph 49 of the Complaint.

50.     Atalanta denies the allegations in paragraph 50 of the Complaint.

51.     Atalanta denies the allegations in paragraph 51 of the Complaint.

52.     Atalanta denies the allegations in paragraph 52 of the Complaint.

**FIFTH COUNT**
**(Breach of Contract – Gormet LTD)**

53.     Atalanta repeats and realleges its responses to Plaintiff's allegations set forth in paragraphs 1-52 above.

54.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 54 of the Complaint and therefore denies same.

55.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 55 of the Complaint and therefore denies same.

56.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 56 of the Complaint and therefore denies same.

57.     Atalanta lacks knowledge or information sufficient to for a belief as to the allegations in paragraph 57 of the Complaint and therefore denies same.

58.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 58 of the Complaint and therefore denies same.

59.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 59 of the Complaint and therefore denies same.

**SIXTH COUNT**
**(BREACH OF GUARANTY – GOURMET LLC)**

60.     Atalanta repeats and realleges its responses to Plaintiff's allegations set forth in paragraphs 1-59 above.

61.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 61 of the Complaint and therefore denies same.

62.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 62 of the Complaint and therefore denies same.

63.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 63 of the Complaint and therefore denies same.

64.     Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 64 of the Complaint and therefore denies same.

Atalanta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 65 of the Complaint and therefore denies same.

**AFFIRMATIVE DEFENSES**

Atalanta asserts affirmative defenses as follows:

**First Affirmative Defense**
**(Failure to State a Claim)**

65.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.  In particular, the food product which Plaintiff alleges were the subject of the Invoices sent to Atalanta was pecorino cheese (the "Cheese Product"). At present, the Cheese Product is purportedly located in a storage facility in Sacramento, California.  Plaintiff at all times herein relevant knew where the Cheese Product was located.  In addition, Plaintiff at all times herein relevant knew that

7

Atalanta never received or had possession of the Cheese Product. Plaintiff sought and obtained control of the Cheese Product by instituting a related legal proceeding in the United States District Court for the Northern District of California – San Francisco Division (Civil Action No. 4:16-cv-00466-YGR). The disposition of the Cheese Product is presently under and subject to the control of Plaintiff. Plaintiff at all relevant times has sought and/or obtained control over the disposition of the Cheese Product and at the same time has been aware that Atalanta never received or had possession of the Cheese Product. As a result of the foregoing, Plaintiff has suffered no damage attributable to Atalanta by reason of the Cheese Product or the alleged actions or inactions on the part of Atalanta.

### Second Affirmative Defense
### (Lack of Consideration)

66.     Atalanta is excused from any duty of performance, obligations or duty under the purported agreement alleged in the Complaint or the annexed exhibits as no contract was formed between Atalanta and Plaintiff by reason of a failure or lack of consideration.

### Third Affirmative Defense
### (No Privity of Contract)

67.     Atalanta is not a party to any agreement between Plaintiff and Gourmet and cannot be liable to Plaintiff for breach of same based upon a lack of privity of contract

### Fourth Affirmative Defense
### (Statute of Frauds)

68.     Plaintiff's claims for breach of the alleged contract are barred by the Statute of Frauds.

**Fifth Affirmative Defense**
**(Lack of Definite Terms)**

69.    Plaintiff's claims for breach of contract are barred and Plaintiff is barred from obtaining the relief sought in the Complaint against Atalanta by reason of the uncertainty of terms and/or the non-existence of definite terms of the purported agreement alleged in the Complaint.

**Sixth Affirmative Defense**
**(Lack of Mutual Assent)**

70.    Any purported agreement alleged in the Complaint between Plaintiff and Atalanta fails and is unenforceable by reason of a lack of mutual assent.

**Seventh Affirmative Defense**
**(Condition Precedent)**

71.    Delivery to Atalanta and acceptance of the Cheese Product which is the subject of the Invoices by Atalanta was a condition precedent to any obligation that Atalanta may have had in any agreement or otherwise to pay for the Invoices and such condition was not fulfilled.

**Eighth Affirmative Defense**
**(Rescission)**

72.    Rescission of the contract, if any, between Atalanta and Gourmet for the sale for the Cheese Product which is the subject of the Invoices bars Plaintiff's recovery.

**Ninth Affirmative Defense**
**(Estoppel)**

73.    The conduct of Plaintiff, or others whose conduct is chargeable to Plaintiff, estops Plaintiff from asserting its claims alleged in the Complaint against Atalanta.

**Tenth Affirmative Defense**
**(Waiver)**

74.    Plaintiff, or others whose conduct is chargeable to Plaintiff, have knowingly and voluntarily relinquished and waived any rights that Plaintiff may purportedly have arising from the allegations in the Complaint.

## Eleventh Affirmative Defense
### (Unclean Hands)

75.     Plaintiff, or others whose conduct is chargeable to Plaintiff, by their conduct, are guilty of unclean hands which bars any recovery herein.

## Twelfth Affirmative Defense
### (Breach of Covenant of Good Faith and Fair Dealing)

76.     Plaintiff is barred from obtaining the relief it seeks in the Complaint against Atalanta by reason of Gourmet's breach of the implied covenant of good faith and fair dealing.

## Thirteenth Affirmative Defense
### (Failure to Mitigate Damages)

77.     Plaintiff's recovery herein, if any, should be reduced by reason of Plaintiff and/or Gourmet's failure to take reasonable measures to mitigate Plaintiff's alleged damages.

## Fourteenth Affirmative Defense
### (No Benefit/Detriment)

78.     Plaintiff's claim for quantum meruit against this Atalanta fails because Atalanta never received any right, title and interest in and to the Cheese Product, or possession of the Cheese Product, which is the subject of the Invoices.

## Fifteenth Affirmative Defense
### (Assumption of Risk)

Plaintiff in entering this transaction knowingly assumed and accepted all the risks and damages which have allegedly befallen it.

**AMENDED CROSSCLAIMS
AGAINST DEFENDANT GORMET FOOD IMPORTS LTD
AND GOURMET FOOD IMPORTS, LLC**

79.     Defendant-crossclaim plaintiff Atalanta, by its undersigned counsel, for its amended crossclaims against defendants Gourmet alleges as follows:

**Jurisdiction**

80.     This Court has subject matter jurisdiction over Atalanta's claims under 28 U.S.C. § 1332, 2201 and 2202 because there is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, and under 28 U.S.C. § 1367(a) because Atalanta's claims are so related to the Plaintiff's claims that they form part of the sane case or controversy under Article III of the United States Constitution.

**Venue**

81.     Venue is proper in the district under 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**Parties**

82.     Atalanta is a New York corporation with a principal place of business at 1 Atalanta Plaza, Elizabeth, New Jersey.

83.     Upon information and belief, Defendant-crossclaim defendant Gormet Food Imports LTD ("Gormet LTD") is a Bulgarian trade company with a principal place of business at Poruchik Hrosto Toprakchiev Str., No. 10, 1504 Sofia, Bulgaria.

84.     Upon information and belief, Defendant-crossclaim defendant Gourmet Food Imports, LLC ("Gourmet LLC") is a Nevada limited liability company with a principal place of business at 5039 Commercial Circle, Concord, California and its sole member is Traian Jikovski,

11

domiciled in Lafayette, California. Crossclaim defendants Gormet LTD and Gourmet LLC are sometimes hereinafter collectively referred to as "Gourmet" or "Defendants").

85.     Upon information and belief Plaintiff DS-Concept Trade Invest LLC (hereinafter "Plaintiff" or "DS-Concept) is a Delaware limited liability company with a principal place of business at 650 Fifth Avenue, New York, New York and its sole member is DS-Concept Service Internationale FZE, an entity formed and located in the United Arab Emirates.

### Facts

86.     In August of 2013, Atalanta received and acknowledged receipt of documentation from Gourmet which Plaintiff alleges constituted notice of its Receivables Purchase Agreements with Gourmet. Copies of said documents are annexed hereto as Exhibit A.

87.     The aforesaid documents from Gourmet instructed Atalanta to remit payment "on all of our invoices to you" to Plaintiff as "sole payee" and further instructed that these payment instructions could "now only be altered or verified in writing solely by [Plaintiff]."

88.     Since August 2013, upon receipt of product from Gourmet and the corresponding invoices, Atalanta paid Plaintiff the following considerable amounts:

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 8/9/2013 | 9/11/2013 | $126,288.55 |
| 9/18/2013 | 10/21/2013 | $98,700.00 |
| 9/30/2013 | 11/4/2013 | $74,560.00 |
| 11/21/2013 | 12/20/2013 | $98,700.00 |
| 2/12/2014 | 3/24/2014 | $71,278.41 |
| 2/20/2014 | 4/9/2014 | $59,150.00 |
| 2/12/2014 | 4/21/2014 | $52,814.50 |

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 2/28/2014 | 4/21/2014 | $66,925.74 |
| 2/28/2014 | 4/21/2014 | $74,621.48 |
| 3/24/2014 | 5/5/2014 | $53,000.00 |
| 3/24/2014 | 5/5/2014 | $69,885.35 |
| 4/1/2014 | 5/13/2014 | $98,700.00 |
| 4/1/2014 | 5/13/2014 | $89,212.82 |
| 4/1/2014 | 5/13/2014 | $185,311.04 |
| 5/9/2014 | 6/18/2014 | $58,000.00 |
| 5/26/2014 | 7/7/2014 | $91,238.95 |
| 6/6/2014 | 7/10/2014 | $84,726.34 |
| 6/6/2014 | 7/15/2014 | $81,250.00 |
| 6/20/2014 | 7/29/2014 | $199,192.23 |
| 7/11/2014 | 8/14/2014 | $80,272.83 |
| 7/17/2014 | 8/19/2014 | $82,935.00 |
| 7/17/2014 | 8/19/2014 | $81,250.00 |
| 7/27/2014 | 8/22/2014 | $60,000.00 |
| 8/6/2014 | 9/15/2014 | $58,000.00 |
| 7/28/2014 | 9/16/2014 | $198,034.05 |
| 8/14/2014 | 9/23/2014 | $72,245.00 |
| 8/28/2014 | 10/7/2014 | $75,465.00 |
| 8/28/2014 | 10/7/2014 | $58,000.00 |
| 9/4/2014 | 10.7/2014 | $58,000.00 |

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 9/11/2014 | 10/7/2014 | $61,125.00 |
| 9/30/2014 | 10/7/2014 | $129,645.52 |
| 9/23/2014 | 10/29/2014 | $184,861.39 |
| 9/23/2014 | 11/7/2014 | $58,000.00 |
| 9/23/2014 | 11/7/2014 | $81,250.00 |
| 9/9/2014 | 11/10/2014 | $60,000.00 |
| 10/9/2014 | 12/4/2014 | $79,905.98 |
| 10/22/2014 | 12/8/2014 | $190,920.27 |
| 11/14/2014 | 12/19/2014 | $62,560.00 |
| 11/25/2014 | 1/12/2015 | $190,679.95 |
| 12/15/2014 | 2/3/2015 | $192,613.18 |
| 12/15/2014 | 2/3/2015 | $56,000.00 |
| 12/15/2014 | 2/3/2015 | $195,346.57 |
| 12/29/2014 | 2/5/2015 | $97,806.35 |
| 1/6/2015 | 2/5/2015 | $56,000.00 |
| 12/29/2014 | 2/9/2015 | $189,923.83 |
| 12/11/2014 | 2/20/2015 | $60,000.00 |
| 1/20/2015 | 3/4/2015 | $90,135.87 |
| 1/20/2015 | 3/4/2015 | $189,267.25 |
| 1/20/2015 | 3/11/2015 | $189,209.81 |
| 1/27/2015 | 3/11/2015 | $189,640.63 |
| 2/9/2015 | 3/23/2015 | $80,800.35 |

14

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 2/11/2015 | 3/31/2015 | $61,100.00 |
| 2/13/2015 | 3/31/2015 | $189,498.36 |
| 2/20/2015 | 3/31/2015 | $84,326.80 |
| 2/13/2015 | 3/31/2015 | $189,571.88 |
| 2/24/2015 | 4/7/2015 | $186,854.64 |
| 2/24/2015 | 4/7/2015 | $190,518.03 |
| 2/24/2015 | 4/23/2015 | $190,494.09 |
| 3/19/2015 | 5/6/2015 | $185,449.45 |
| 3/19/2015 | 5/6/2015 | $185,410.58 |
| 3/19/2015 | 5/14/2015 | $212,384.10 |
| 3/24/2015 | 5/14/2015 | $214,837.99 |
| 3/24/2015 | 5/26/2015 | $214,375.83 |
| 5/18/2015 | 6/26/2015 | $70,556.70 |
| 5/28/2015 | 7/10/2015 | $189,387.32 |
| 5/28/2015 | 7/10/2015 | $162,289.00 |
| 6/15/2015 | 7/21/2015 | $189,440.96 |
| 6/15/2015 | 7/21/2015 | $189,344.05 |
| 6/17/2015 | 7/27/2015 | $59,245.64 |
| 7/6/2015 | 8/14/2015 | $50,351.60 |
| 7/21/2015 | 9/3/2015 | $48,540.00 |
| 7/28/2015 | 9/11/2015 | $46,275.00 |
| 7/16/2015 | 10/13/2015 | $62,000.00 |

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 8/31/2015 | 10/27/2015 | $58,014.86 |
| | | Total: $8,473,716.12 |

Each above-referenced invoice from Gourmet contained the following payment instructions:

> "The underlying account receivable of the invoices has been assigned to DS-Concept Trade Invest LLC and DS-Concept ITF LLC. Your liability remains in force until settlement of the full invoice amount us received into the account of DS-Concept ITF LLC..."

(the "DS Payment Notice"). A representative sample of such Gourmet invoice with notification is annexed hereto as Exhibit B.

89. On or about May 12, 2015, Atalanta received from Gourmet Invoice No. 50150 in the amount of $62,000.00 which contained different payment instructions directing Atalanta to pay the invoice price to Gourmet and not Plaintiff. A copy of said invoice is annexed hereto as Exhibit C. Based upon said express directions, Atalanta paid the invoice to "Gourmet Food Imports, LLC."

90. Between June and August of 2013, Atalanta continued to pay the following invoices to Plaintiff upon receipt of the product in accordance with invoices issued by Gourmet containing the DS Payment Notice:

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 6/17/2015 | 7/27/2015 | $59,245.64 |
| 7/6/2015 | 8/14/2015 | $50,351.60 |
| 7/21/2015 | 9/3/2015 | $48,540.00 |

16

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 7/28/2015 | 9/11/2015 | $46,275.00 |
| 7/16/2015 | 10/13/2015 | $62,000.00 |
| 8/31/2015 | 10/27/2015 | $58,014.86 |
| | | Total: $324,427.10 |

91.     Atalanta was informed by Gourmet that Gourmet terminated its business relationship with Plaintiff in September 2015.

92.     Atalanta received Invoice No. 50151 dated September 15, 2015 from Gourmet which directed payment to Gourmet rather than Plaintiff and Atalanta did so upon receipt of the product.

93.     On or about October 11, 2015, Atalanta received an email from Gourmet again directing that payment be made to "Gourmet Food Import, Citibank account.  Not DS Factoring" and Atalanta did so.  Copies of Invoice No. 50151 and Gourmet's said October 11, 2015 email are annexed hereto as Exhibit D.

94.     From September to December 2015, Gourmet sent Atalanta 7 invoices in the amount of $443,041.39 which Atalanta paid upon receipt of the product pursuant to Gourmet's aforesaid express payment instructions and on Gourmet invoices instructions which are listed as follows:

| Invoice Date | Payment Date | Amount |
|---|---|---|
| 9/15/2015 | 10/15/2015 | $48,346.84 |
| 10/21/2015 | 11/20/2015 | $72,838.48 |
| 10/23/2015 | 12/9/2015 | $68,544.33 |

17

| Invoice Date | Payment Date | Amount |
|--------------|--------------|--------|
| 11/20/2015 | 12/28/2015 | $73,355.98 |
| 11/6/2015 | 1/5/2016 | $60,928.33 |
| 12/4/2015 | 1/21/2016 | $48,000.00 |
| 11/27/2015 | 1/11/2016 | $71,028.03 |

95.     In late 2015/early 2016, Gourmet submitted the following 3 invoices to Atalanta again directing payment to Gourmet and not Plaintiff and Atalanta paid Gourmet $193,162.81 pursuant to Gourmet's instructions upon receipt of the product:

| Invoice Date | Payment Date | Amount |
|--------------|--------------|--------|
| 12/4/2015 | 3/1/2016 | $62,000.00 |
| 1/20/2016 | 3/8/2016 | $66,840.98 |
| 2/4/2016 | 3/16/2016 | $64,321.83 |

96.     Atalanta has been issued at least one additional invoice by Gourmet for a recent order of product and Gourmet has again directed that payment be made to Gourmet and not Plaintiff. Atalanta also has orders outstanding with Gourmet. Due to the pending litigation, any further and future payments to Gourmet by Atalanta have been placed on hold. The above-referenced facts have caused and will continue to cause serious damage to Atalanta's ability to conduct with Gourmet thereby adversely impacting both companies.

97.    On April 5, 2016, Atalanta received a letter from defendant Gourmet providing, in part, as follows:

> "Despite us being an innocent party in this litigation you have chosen to further compound the issues by refusing to pay invoices that we have funded with our own funds. Consequently, we request that Atalanta continues to pay Gourmet for the invoices we have billed to you directly. Currently, we have three containers on the water in route to Atalanta and four pending purchase orders in addition to past due invoices that need to be paid immediately. Atalanta withholding payment has greatly affected our cash flow and our ability to sustain our operation. In other words, your continuous refusal to honor your obligations puts us on a path to bankruptcy. Your actions will create a much larger legal issue than the one we are faced with since our failure as a company will be directly attributable to your refusal to pay us on the invoices we have self-funded. You are on full notice about the circumstances behind Atalanta's error and subsequent attempts by Gourmet to shield Atalanta from its own error to preserve our good professional relationship."

A copy of said letter is annexed hereto as <u>Exhibit E</u>.

98.    In or about April of 2014, Atalanta made an advance, loan-type payment to Gourmet in the amount of $541,200.00 (the "Advance Loan"). This payment represented an advance against purchases to be made by Atalanta.

99.    Atalanta did not receive an invoice from Gourmet for this transaction but reduced the loan amount when it received product purchased from Gourmet.

100.    Atalanta believes that this Advance Loan was not an "account receivable" governed by the Accounts Receivable Purchase Agreement between Gourmet's and Plaintiff.

101.    With respect to the eleven (11) "Invoices" (as defined in the Complaint) covering the Cheese Product, the Cheese Product is presently located in a storage facility in Sacramento, California.

102.    Plaintiff at all times herein relevant knew where the Cheese Product was located. In addition, Plaintiff at all times herein relevant knew that Atalanta never received or had possession of the Cheese Product.

103.   Plaintiff sought and obtained control of the Cheese Product by instituting a related legal proceeding in the United States District Court for the Northern District of California – San Francisco Division (Civil Action No. 4:16-cv-00466-YGR).  The disposition of the Cheese Product is presently under and subject to the control of Plaintiff.  Plaintiff at all relevant times has sought and/or obtained control over the disposition of the Cheese Product and at the same time has been aware that Atalanta never received or had possession of the Cheese Product.

104.   Because Atalanta never received the Cheese Product and because of Atalanta's cancellation of the orders underlying the eleven Invoices, Atalanta at no time had any obligation to pay Gourmet and, by extension, Plaintiff as Gourmet's purported assignee of the right to payment under the Invoices.

## COUNT I – DECLARATORY JUDGMENT

105.   Atalanta repeats and realleges the allegation set forth in paragraphs 79 through 104, inclusive herein.

106.   There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2001 and 2202.

107.   The facts alleged above give rise to a substantial controversy between Plaintiff, Atalanta and Gourmet as to who, if anyone, is entitled to payment concerning: (i) Gourmet's May 2015 and late 2015 invoices in the amount of $62,000 and $443,041,39, respectively, which Atalanta paid directly to Gourmet, as alleged above; (ii) Gourmet's late 2015/early 2016 invoices in the amount of $193,162.81 which Atalanta paid directly to Gourmet, as alleged above; (iii) Gourmet's eleven (11) Invoices covering the Cheese Product; (iv) the April 2014 Atalanta Advance Loan to Gourmet;   and (v) Atalanta' current unpaid and future invoices to be received from Gourmet.

20

108.   Absent a declaration from this Court, Plaintiff and Gourmet will continue to assert rights to payment against Atalanta, and thereby cause Atalanta (which is in a catch-22 position) irreparable injury and damage to its business and reputation.

109.   As a result of the acts described herein, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' respective rights to payment.

110.   A judicial declaration is necessary and appropriate so that Atalanta may ascertain its rights regarding its payment obligations.

111.   Atalanta is entitled to a declaratory judgment that it: (i) is not liable to Plaintiff for past payments made to directly to Gourmet pursuant to its written payment instructions; (ii) can pay Gourmet without liability under the DS Payment Notice for Gourmet invoices currently pending or originating in the future; and (iii) Atalanta is not liable to Plaintiff and Gourmet for the Invoices for the Cheese Product.

### COUNT II – UNJUST ENRICHMENT

112.   Atalanta repeats and realleges the allegation set forth in paragraphs 79 through 104 and 106 through 111, inclusive herein.

113.   Atalanta has made substantial payments directly to Gourmet as aforedescribed based upon express instructions from Gourmet thereby conferring a benefit upon Gourmet.  In particular, Atalanta paid Gourmet a total of $698,204.20 for past orders upon receipt by Atalanta of food products.  In addition, Atalanta made the Advance Loan to Gourmet in the amount of $541,200.00.

114.   To the extent that Atalanta was mistaken in making any payment to Gourmet when, in fact, such payment should have been made to Plaintiff Gourmet pursuant to the DS Payment

Notice, Atalanta conferred a benefit upon Gourmet to which it would not otherwise be entitled and Gourmet has been unjustly enriched thereby.

115.    To the extent that any payments made by Atalanta directly to Gourmet should have been made to Plaintiff, as Gourmet's assignee of the right to receive such payment, Gourmet has been unjustly enriched at the expense of Atalanta and/or Plaintiff and Gourmet's retention of the benefit of such payment is unjust and inequitable.

116.    To the extent that this Court declares that Plaintiff was entitled to any of the payments made by Atalanta directly to Gourmet, Atalanta is entitled to a refund of such payments or such funds should be held in constructive trust in order to prevent the unjust enrichment by Gourmet based upon the benefit conferred by such payments.

WHEREFORE, Atalanta respectfully requests that the Court enter judgment:

1.    Declaring that Atalanta has no liability for past payments made to Gourmet;

2.    Declaring that Atalanta may pay current outstanding and due invoices directly to Gourmet without liability to Plaintiff under the DS Payment Notice;

3.    Declaring that Atalanta may pay Gourmet on future Gourmet invoices directly to Gourmet without liability to Plaintiff under the DS Payment Notice;

3.    Declaring that Atalanta has no liability to Plaintiff or Gourmet for the Cheese Product;

4.    Dismissing Plaintiff's Complaint, as to Atalanta, together with interest, attorney's fees and costs of suit;

5.    As against Gourmet for all damages which may be incurred by or assessed as against Atalanta, together with interest, attorney's fees and costs of suit;

6.    In the alternative, as against Gourmet on Atalanta's claim for unjust enrichment, for damages suffered as a result of any payment made by Atalanta in violation of the DS Payment Notice to Gourmet in an amount to be determined together with interest; and

7.    Awarding such other relief as the Court may deem just and proper.

## JURY TRIAL

Atalanta requests a jury trial on all issues so triable.

Dated:  April 6, 2016                                          Respectfully submitted,

                                                              LEVY, STOPOL & CAMELO


                                                              By___ *s/ Paul A. Juergensen*___
                                                              Robert S. Levy (Atty. Id. 016081986)
                                                              Larry N. Stopol (Atty. Id. 001311982)
                                                              Paul A. Juergensen (Atty. Id. 141652015)
                                                              136 N. Washington Avenue, Suite 205
                                                              North Bergenfield, New Jersey 07621
                                                              (201) 385-7007
                                                                        -and-
                                                              1425 RXR Plaza
                                                              Uniondale, New York 11556
                                                              (516) 802-7007
                                                              rlevy@levystopol.com
                                                              lstopol@levystopol.com
                                                              pjuergensen@levystopol.com

                                                              *Attorneys for Defendant*
                                                              *Atalanta Corporation*


## CERTIFICATE OF SERVICE

The undersigned certifies that on April 6, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Civ. RULE 5.2.  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

# EXHIBIT A



**Gourmet**
Food Imports, LTD

Atalanta Corporation
1 Atlanta Plz
US-07206 Elizabeth NJ
Reg. Nr. 006980445

Dear Valued Customer,

To enhance our efficiencies and serve you better, we are party to a Receivables Purchase Agreement with DS-Concept Trade Invest LLC, an Accounts Receivable Factor, serviced by DS-Concept Factoring Inc., 650 Fifth Ave, 24th Floor, New York NY 10019. Under our Factoring arrangement, our accounts receivable on orders place by you are sold and assigned by us to DS-Concept Trade Invest LLC and, ultimately, DS-Concept Special Finance LLC, as 100% owner and sole payee on all invoices.

Payment instructions for all of our invoices to you are as follows:

Payment via wire:           Commerzbank AG
                            New York Branch
                 A/C Holder: DS-Concept Special Finance LLC
                 Bank routing No: 026008044
                 A/C No.: ▮▮▮▮▮▮▮▮          REDACTED
                 Swift Code: COBAUS3XXXX

Payment by check:           DS-CONCEPT SPECIAL FINANCE LLC
                            P.O. Box 1041
                            New York, NY 10268-1041

These payment instructions can now only be altered or verified in writing solely by the servicer, DS-Concept Factoring, Inc. Should you have any concerns about following these payment instructions, please bring those promptly to the attention of DS-Concept Factoring, Inc. at 212-765-4349 or us@ds-factoring.com. You are authorized to cooperate with our factor if it contacts you regarding our invoices. You will receive invoices conforming to these payment instructions. Even if our invoices direct payment elsewhere, you are responsible for following the payment instructions in this letter.

DS-Concept Trade Invest LLC is now also our attorney-in-fact with respect to all of our existing and future accounts receivable and is fully authorized to act on our behalf with respect to the accounts receivable arising from orders placed by you with us.

Please confirm receipt of this letter by completing and signing the following page and them emailing it to us@ds-factoring.com or mailing it to DS- Concept Factoring Inc. at 650 Fifth Ave., 24th FL, and New York, NY 10019. You may also fax receipt confirmation to 212-765-4346.

Your prompt attention to this matter is greatly appreciated.

Yours truly,                                    Acknowledged and Agreed:

Client Name: GORMET FOOD IMPORT LTD            DS-Concept Trade Invest LLC
Client Address: Zemalik Hristo Toprakchiev      DS-Concept Special Finance LLC
               1504 Sofia, Bulgaria            Title:
               ID No. 202667037                Date:
Represented by: Maria Roumenova Nanova
Title:   CEO
Date:    06 August 2013

Page 1 of 2



To:   DS-Concept Factoring, Inc.
      650 5th Avenue 24th floor
      New York, New York 10019

We acknowledge the sale and assignment of the GORMET FOOD IMPORTS LTD, Poruchik Hristo Toprakchiev Str. No. 10, BG-1504 Sofia receivables to DS-Concept Trade Invest LLC and, ultimately DS-Concept Special Finance LLC. Payment on future invoices will be made directly to the account of DS-Concept Special Finance LLC. We understand that these payment instructions can only be changed with the prior written consent of DS-Concept Trade Invest LLC.

Company:         Atalanta Corporation
By:
Print Name:      Mark Mazzella
Title:           Product Manager
Date:            8/13/10
Phone:           908-372-6083
Email Address:   MMazzella@Atalanta1.com

Page 2 of 2



Atalanta Corporation
1 Atlanta Plz
US-07206 Elizabeth NJ
Reg. Nr. 006980445

Dear Valued Customer,

To enhance our efficiencies and serve you better, we are party to a Receivables Purchase Agreement with DS-Concept Trade Invest LLC, an Accounts Receivable Factor, serviced by DS-Concept Factoring Inc., 650 Fifth Ave, 24th Floor, New York NY 10019. Under our Factoring arrangement, our accounts receivable on orders place by you are sold and assigned by us to DS-Concept Trade Invest LLC and, ultimately, DS-Concept Special Finance LLC, as 100% owner and sole payee on all invoices.

Payment instructions for all of our invoices to you are as follows:

Payment via wire:                 Commerzbank AG
                                  New York Branch
                     A/C Holder: DS-Concept Special Finance LLC
                              Bank routing No: 026008044
                              A/C No.: ███████████        REDACTED
                              Swift Code: COBAUS3XXXX

Payment by check:                 DS-CONCEPT SPECIAL FINANCE LLC
                                  P.O. Box 1041
                                  New York, NY 10268-1041

These payment instructions can now only be altered or verified in writing solely by the servicer, DS-Concept Factoring, Inc. Should you have any concerns about following these payment instructions, please bring those promptly to the attention of DS-Concept Factoring, Inc. at 212-765-4349 or us@ds-factoring.com. You are authorized to cooperate with our factor if it contacts you regarding our invoices. You will receive invoices conforming to these payment instructions. Even if our invoices direct payment elsewhere, you are responsible for following the payment instructions in this letter.

DS-Concept Trade Invest LLC is now also our attorney-in-fact with respect to all of our existing and future accounts receivable and is fully authorized to act on our behalf with respect to the accounts receivable arising from orders placed by you with us.

Please confirm receipt of this letter by completing and signing the following page and then emailing it to us@ds-factoring.com or mailing it to DS-Concept Factoring, Inc. at 650 Fifth Ave., 24th FL., and New York, NY 10019. You may also fax receipt confirmation to 212-765-4346.

Your prompt attention to this matter is greatly appreciated.

Yours truly,                                    Acknowledged and Agreed:

_____                         DS-Concept Trade Invest LLC
Client Name:    GOURMET FOOD IMPORTS, LLC        DS-Concept Special Finance LLC
Client Address: 3322 Mt. Diablo Boulevard, Suite 305   Title:
                Lafayette, CA 94549             Date:
Represented by: Trajan Jikovski
Title:    CEO
Date:    06 August 2013

                                                Page 1 of 2



**Gourmet**
Food Imports, LLC

To:     DS-Concept Factoring, Inc.
        650 5th Avenue 24th floor
        New York, New York 10019

We acknowledge the sale and assignment of the GOURMET FOOD IMPORTS, LLC, 3527 Mt. Diablo
Boulevard, Suite 305, Lafayette, CA 94549 receivables to DS-Concept Trade Invest LLC and, ultimately DS-
Concept Special Finance LLC. Payment on future invoices will be made directly to the account of DS-Concept
Special Finance LLC. We understand that these payment instructions can only be changed with the prior written
consent of DS-Concept Trade Invest LLC.

Company:     **Atalanta Corporation**
By:
Print Name:     Mark Mazzola
Title:          Product Manager
Date:           08/13/13
Phone:          908-372-6083
Email Address:  MMAZZELLA@ATALANTA1.Com

Page 2 of 2

# EXHIBIT B

# Gourmet
## Food Imports, LTD

*Sales Invoice*

*10 Por Hristo Toprakchiev Str*
*Sofia Bulgaria 1504*
*Tel: + (359) 2 973 2059*
*Fax: + (359)2 973 2059*
*service@GourmetFoodImports.com*
VAT: BG202667037

*(handwritten)* C99013
TF75022
recd 10/6/15

Invoice #: ~~REDACTED~~
Invoice Date: ~~REDACTED~~
Salesperson: ~~REDACTED~~

| Customer/Billing Info: | | Ship To: | Same? (Y/N) N |
|---|---|---|---|
| Company: | | Company: | |
| Name: | Atalanta Corporation | Name: | |
| Address: | 1 Atalanta Plaza | Address: | |
| City: Elizabeth | State: NJ Zip: 07206 | City: New York Port | Zip: |
| Phone: | 908.351.8000 | Phone: | |
| Fax: | 908.351.0449 | Fax: | |

| Order No | Date | Shipped Via | FOB Point | Terms |
|---|---|---|---|---|
| 05-25755 | 8/31/2015 | | Pick Up | 10 Days after ROG, Expected Payment Date:10th Oct, 2015 |

| Qty Ordered | | Unit Price | Total |
|---|---|---|---|
| 1300 cases | Bulgarian Sheep Milk Feta Cheese in brine, Net Wt: 7 kg plastic pail | $24.00 | $31,200.00 |
| 260 cases | Bulgarian Sheep Milk Feta Cheese in brine, Net Wt:12 kg tin can | $39.00 | $10,140.00 |
| 166 cases | Bulgarian Sheep Milk Kashkaval cheese, Net Wt: 500g vaccum pack 12 units/case (Total Wt:899.18 kg, 1982.35 lb) | $2.92/lb | $5,788.46 |
| 480 cases | Organic Goat Milk Feta Cheese, Net Wt: 200g vaccum pack, 12 units/case | $22.68 | $10,886.40 |

Container number: MWCU6641584

*(handwritten)* POSTED
VENDOR # S1080
REF # AP008151
DATE 10-09-15

APPROVED FOR PAYMENT

Mark Mazzella

Date: *(handwritten)*

Total Container Net Weight: 14271.18 kg
Total Container Gross Weight: 20553.36 kg

| | |
|---|---|
| | Subtotal: $58,014.86 |
| | Tax @ 2.00% |
| | Shipping: 0.00 |
| | Invoice Total: $ 58,014.86 |

**Other Notes and Terms:**
No Returns or Credits accepted 7 days after shipment delivery.

The underlying account receivable of the invoice has been assigned to DS-Concept Trade Invest LLC and DS-Concept ITF LLC.
Your liability remains in force until settlement of the full invoice amount is received into the account of DS-Concept ITF LLC
a/c No. ~~REDACTED~~ with Commerzbank AG, 2 World Financial Center, NY, NY 10281, Routing No.: 026008044
SWIFT: COBAUS3XXXX        REDACTED

RECEIVED
OCT 08 REC'D
By

# EXHIBIT C

# Gourmet
**Food Imports, LTD**

*Sales Invoice*

5039 Commercial Circle Unit E & F
Concord, CA 94520
Tel: 925 687 2900
Fax: 925 687 1300
service@GourmetFoodImports.com

C98238
TF74376
rec'd 7/21/15

Invoice #: ▓▓50150▓▓
Invoice Date: ▓▓6/22/2015▓▓
Salesperson: ▓▓NICK KOVELL▓▓

**Customer/Bill Information**

| | |
|---|---|
| Company: | |
| Name: | Atalanta Corporation |
| Address: | 1 Atalanta Plaza |
| City: | Elizabeth State: NJ Zip: 07206 |
| Phone: | 908.351.8000 |
| Fax: | 908.351.0449 |

**Ship To**   Same? (Y/N) N

| | |
|---|---|
| Company: | |
| Name: | |
| Address: | |
| City: | Oakland Port Zip: |
| Phone: | |
| Fax: | |

| Order No | Date | Shipped Via | FOB Point | Terms |
|---|---|---|---|---|
| 05-25274 | 12 May, 2015 | | Pick Up | 10 Days after ROG, Expected Payment Date: 22 July, 2015 |

| Qty Ordered | Description | Unit Price | Total |
|---|---|---|---|
| 2000 cases | Bulgarian Sheep Milk Feta Cheese in brine, Net Wt: 7 kg plastic pail | $31.00 | $62,000.00 |

APPROVED FOR payment
Mark Mazzella
Date 7/23/15

Container number: SEGU9113440

Payment instruction:
Bank Name: CitiBank N. A.
Bank Address: 1660 Olympic Blvd, Walnut Creek, CA 94596
Company name: Gourmet Food Imports, LLC
Company address: 5039 Commercial Circle, Unit F, Concord, CA 94520
ABA#: 321171184
ACCT#: ▓▓▓▓ REDACTED
SWIFT: CITIUS33

PAID
JUL 24 2015

Total Container Net Weight: 14000 kg
Total Container Gross Weight: 21000 kg

POSTED
VENDOR # 570080
REF # AP596.003
DATE 7-24-15

| | |
|---|---|
| Subtotal: $ | 62,000.00 |
| Shipping: | 0.00 |
| Invoice Total: $ | 62,000.00 |


RECEIVED
JUL 2 3 REC'D
By

# EXHIBIT D

**Rudy Dizon**

| | |
|---|---|
| **From:** | Kathy Jones [kathygfi@yahoo.com] |
| **Sent:** | Sunday, October 11, 2015 11:55 AM |
| **To:** | Sadina Atchison; Rudy Dizon; Ruby Collantes; LIA FRECCERO |
| **Cc:** | Ivan Petrov |
| **Subject:** | Payment of Invoice 50151 |
| **Attachments:** | 50151 Atalanta.pdf |

Hi Sadina and Rudy,
Kindly remind you that the payment of invoice 59151 should be paid to Gourmet Food Import,
Citibank account. Not DS Factoring. Payment instruction was written on the invoice 59151 attached.
The container was delivered to Atalanta on 10/5/2015.
Thanks
Kathy
Gourmet Food Imports, LLC

# Gourmet
### Food Imports, LTD

*5039 Commercial Circle Unit E & F*
*Concord, CA 94520*
*Tel: 925 687 2900*
*Fax: 925 687 1300*
*service@GourmetFoodImports.com*

05-26568
C100095
TF76485
Rec'd 10/12/15

Invoice #: ███████████

Invoice Date: ███████████
Salesperson: ███████████

**Customer/Billing Information**

| Company: | |
| --- | --- |
| Name: | Atalanta Corporation |
| Address: | 1 Atalanta Plaza |
| City: | Elizabeth State: NJ Zip: 07206 |
| Phone: | 908.351.8000 |
| Fax: | 908.351.0449 |

**Ship To Information**   Same? (Y/N) N

| Company: | |
| --- | --- |
| Name: | |
| Address: | |
| City: | New York Port Zip: |
| Phone: | |
| Fax: | |

| Order No | Date | Shipped Via | FOB Point | Terms |
| --- | --- | --- | --- | --- |
| | 15 Sept, 2015 | | Pick Up | 10 Days after ROG, Expected Payment Date: 23 Oct, 2015 |

| Qty Ordered | Description | Unit Price | Total |
| --- | --- | --- | --- |
| 1832 cases | Sheep Milk Dry Myzithra Cheese, Net Wt: 0.75 kg vacuum pack, 6 units/cas (Total Wt: 8275.38 kg, 18244.09 lb) | $2.65/lb | $48,346.84 |

POSTED
VENDOR # 51080
REF # AP 609079
DATE 10-14-15

Container number: HLXU3715458

Payment instruction:
Bank Name: CitiBank N. A.
Bank Address: 1660 Olympic Blvd, Walnut Creek, CA 94596
Company name: Gourmet Food Imports, LLC
Company address: 5039 Commercial Circle, Unit F, Concord, CA 94520
ABA#: 321171184
ACCT#: ████████   REDACTED
SWIFT: CITIUS33

OCT 15 2015

Total Container Net Weight:  8275.38 kg
Total Container Gross Weight: 9252.10 kg

| | |
| --- | --- |
| Subtotal: $ | 48,346.84 |
| Shipping: | 0.00 |
| Invoice Total: $ | 48,346.84 |

**Other Billing Information**

RECEIVED
OCT 14 REC'D

APPROVED FOR PAYMENT
Ileana Medina
X Medina   DATE 10/13/15

# EXHIBIT E



5039 Commercial Clr. Ste. F, Concord, CA 94520 Phone: 925.687-2900 Fax: 925.687.1300

April 5, 2016

Tom Gellert, CEO
Atalanta Corporation
1 Atalanta Plaza,
Elizabethport, NJ 07206

Dear Mr. Gellert:

This letter is to inform you that Gourmet Food Imports, LLC is no longer using DS-Concept as a source of financing. As of September 14, 2015, DS-Concept has ceased factoring our accounts receivable invoices due to the delinquent eleven invoices that are subject to the litigation against both our companies. (See Exhibit A.) Please note that the aforementioned litigation was directly related to Atalanta's error in over-ordering Pecorino cheese and then refusing to pay for it.

Despite us being an innocent party in this litigation you have chosen to further compound the issues by refusing to pay invoices that we have funded with our own funds. Consequently, we request that Atalanta continues to pay Gourmet for the invoices we have billed to you directly. Currently, we have three containers on the water in route to Atalanta and four pending purchase orders in addition to the past due invoices that need to be paid immediately. Atalanta withholding payment has greatly affected our cash flow and our ability to sustain our operation. In other words, your continuous refusal to honor your obligations puts us on a path to bankruptcy. Your actions will create a much larger legal issue than the one we are faced with since our failure as a company will be directly attributable to your refusal to pay us on the invoices we have self-funded. You are on full notice about the circumstances behind Atalanta's error and subsequent attempts by Gourmet to shield Atalanta from its own error in order to preserve our good professional relationship.

On April 4, 2016, I requested from DS-Concept a statement confirming that they are no longer factoring for Gourmet Food Imports. DS-Concept stated it would take time to provide us with this letter. I would greatly appreciate if you could arrange payment on the outstanding invoices prior to the receipt of the requested DS-Concept letter.

Regards,

Tim Jikowski
Gourmet Food Imports, LLC
CEO/Owner



**DS-CONCEPT** **TRADE INVEST**
Intelligent Trade Finance

**USD**                                   Customer No. 80602

Gormet Food Imports LTD - (BG) Soffa

Debtor No.    1        Atalanta Corporation

| Date | Description | Inv.No. | Inv.Amount | Due Date | Discount | Payment | Item Balance |
|---|---|---|---|---|---|---|---|
| 23.06.15 | Invoice | 59107 | 189.331,45 | 27.09.15 | 0,00 | 0,00 | 189.331,45 |
| 23.06.15 | Invoice | 59108 | 189.290,23 | 27.09.15 | 0,00 | 0,00 | 189.290,23 |
| 23.06.15 | Invoice | 59109 | 189.370,15 | 27.09.15 | 0,00 | 0,00 | 189.370,15 |
| 16.07.15 | Invoice | 59112 | 189.961,59 | 16.10.15 | 0,00 | 0,00 | 189.961,59 |
| 16.07.15 | Invoice | 59113 | 189.839,30 | 16.10.15 | 0,00 | 0,00 | 189.839,30 |
| 16.07.15 | Invoice | 59114 | 190.098,61 | 16.10.15 | 0,00 | 0,00 | 190.098,61 |
| 29.07.15 | Invoice | 59117 | 185.300,96 | 30.10.15 | 0,00 | 0,00 | 185.300,96 |
| 29.07.15 | Invoice | 59118 | 184.817,95 | 30.10.15 | 0,00 | 0,00 | 184.817,95 |
| 29.07.15 | Invoice | 59119 | 185.059,30 | 30.10.15 | 0,00 | 0,00 | 185.059,30 |
| 03.08.15 | Invoice | 59120 | 185.059,30 | 09.11.15 | 0,00 | 0,00 | 185.059,30 |
| 03.08.15 | Invoice | 59121 | 185.059,30 | 09.11.15 | 0,00 | 0,00 | 185.059,30 |
| Debtor Total | | | 2.063.188,14 | | 0,00 | 0,00 | 2.063.188,14 |

| Total Open Items | 2.063.188,14 | 0,00 | 0,00 | 2.063.188,14 |
|---|---|---|---|---|