**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DS-CONCEPT TRADE INVEST LLC, | : | Civil Action No. 16-429 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| ATALANTA CORPORATION et al., | : | |
| Defendants. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), by Defendant Atalanta Corporation ("Atalanta"). For the reasons stated below, the motion will be granted in part and denied in part.

Atalanta filed an Answer which asserted, *inter alia*, cross-claims against Defendant Gormet Food Imports LTD ("Gormet LTD"), Gourmet Food Imports, LLC ("Gourmet LLC"), and Defendant Traian Jikovski ("Jikovski.")  The Answer also asserted third-party claims against Jikovski.  Atalanta now moves for default judgment on these cross-claims and third-party claims.

As to Jikovski, the motion for entry of default judgment must be denied because Atalanta has not demonstrated that Jikovski was properly served.  "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void."  Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).  When Atalanta requested an entry of default against Jikovski, it submitted an attorney certification which stated:

> On or about June 23, 2017, Atalanta, under the Court's direction, served Jikovski with a summons and the Pleading through Gourmet's then-counsel, Gavrilov &

> Brooks. Atalanta also served Jikovski with process on June 27, 2017 by posting a copy of the papers to his last-known residential address (after unsuccessfully attempting to serve Jikovski personally six times) and mailing copies of the papers to both Jikovski's last-known residential address and Gourmet's last-known address.

(Newman Dec. ¶ 9.) Atalanta's brief does not discuss the question of whether Jikovski was properly served within the requirements of Federal Rule of Civil Procedure 4(e), which states:

> **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The present record contains no evidence that Gavrilov & Brooks are Jikovski's agents, nor that the requirements of Rule 4(e)(2) (A) or (B) were satisfied. The only remaining questions are whether Atalanta's attempts to serve Jikovski constitute proper service under the state law of New Jersey (the forum state) or of California (the state in which Jikovski resides, as alleged by Atalanta.) New Jersey's rules for service of process are contained in N.J. Court Rules, R. 4:4-4. Rule 4:4-4(a) does not allow service by the "post and mail" method used by Atalanta. The present record contains no evidence that Atalanta has satisfied the requirements for the alternative service methods stated in Rule 4:4-4(b). Although Cal. Code. Civ. Proc. § 415.30

allows service by mail in California, it requires a written acknowledgment of receipt for completion of service, and no such acknowledgement appears in the present record. It does not appear to this Court that the "post and mail" method of service employed by Atalanta constitutes proper service under Federal, New Jersey, or California law. Because the record does not show that Jikovski was properly served, the motion for default judgment against him must be denied without prejudice.

As to the cross-claims against Gormet LTD and Gourmet LLC (collectively, "the Gourmet entities"), these Defendants have appeared in this case, and so there is no question about whether they have been properly served. On July 19, 2017, Magistrate Judge Waldor granted the motion to withdraw filed by counsel to Gormet LTD and Gourmet LLC, and ordered Gormet LTD and Gourmet LLC to retain new counsel within thirty days. No new counsel have appeared in the case. On December 29, 2017, Atalanta requested that the Clerk of the Court make an entry of default for Gormet LTD and Gourmet LLC, and an entry of default was made for those entities.

Atalanta's Answer asserts six cross-claims against the Gourmet entities: 1) declaratory judgment; 2) breach of contract; 3) conversion; 4) unjust enrichment; 5) fraud; and 6) aiding and abetting breach of fiduciary duty. Atalanta moves for default judgment on the cross-claims for breach of contract, fraud, and aiding and abetting a breach of fiduciary duty. As Atalanta contends, under Third Circuit law, "[a] consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

As to the cross-claim for breach of contract, the Answer alleges sufficient facts, now

taken as true, to support finding that Gourmet LLC and Atalanta entered into the "Pecorino Contract" (Answer Ex. B), that Gourmet LLC breached the Pecorino Contract, and that Gourmet LLC is liable to Atalanta for damages for breach of this contract.

As to the cross-claim for fraud, the Answer does not plead sufficient facts, taken as true, to support a finding of liability for fraud. Under New Jersey law:

> proof of common law fraud requires the satisfaction of five elements: a material misrepresentation by the defendant of a presently existing fact or past fact; knowledge or belief by the defendant of its falsity; an intent that the plaintiff rely on the statement; reasonable reliance by the plaintiff; and resulting damages to the plaintiff.

Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 175 (2006). From the factual allegations in the Answer, it is not at all clear that Atalanta has a valid cross-claim for fraud. In short, the Answer alleges that Gourmet and Jikovski created false invoices and presented them to Plaintiff for payment – not to Atalanta.[1] Furthermore, the Answer alleges:

> The 14 Invoices were the product of a scheme carried out by Gourmet's principal, Tim Jikovski, and ultimately supported and advanced by DS. With the substantial assistance of a compromised Atalanta employee, Mark Mazzella, and through a combination of reckless lending guidelines and practices by and with the cooperation of DS, Gourmet booked unapproved and unauthorized sales to Atalanta for the purpose of importing cheese product into the United States for sale to others.

(Corrected Answer ¶ 184.) The Answer alleges that Atalanta suffered an injury to its credit rating. It is not at all clear that the factual allegations in the Answer, taken as true, satisfy the requirements for a common law fraud claim under New Jersey law. The Answer alleges not reasonable reliance by Atalanta on misrepresentations, but that Atalanta employee Mazzella

---

[1] It would appear that the Answer alleges facts that might support a claim that the Gourmet entities defrauded Plaintiff DS, not Defendant Atalanta.

4

conspired with the Gourmet entities in a scheme to defraud DS.  These allegations do not support a claim that the Gourmet entities defrauded Atalanta.  As to the cross-claim for fraud, the motion for default judgment will be denied.

As to the cross-claim for aiding and abetting a breach of fiduciary duty, the Answer alleges sufficient facts, now taken as true, to support finding that the Gourmet entities aided and abetted Mazella's breach of fiduciary duty.  As to the cross-claim against the Gourmet entities for aiding and abetting a breach of fiduciary duty, the motion for default judgment will be granted.  The Gourmet entities are liable to Atalanta for aiding and abetting a breach of fiduciary duty.

As to damages, Atalanta here seeks damages for breach of contract.  Atalanta has submitted the Hampton Declaration, which details the evidence that the Gourmet entities shipped to Atalanta nonconforming shipments of cheese for which Atalanta paid $4,255,864.47 and $1,186,684.15, offset by sales of the nonconforming cheese in the amount of $3,936,512.15, for a total damages amount of $1,506,036.47.  Default Judgment shall be entered in Atalanta's favor, against Defendants Gormet Food Imports LTD and Gourmet Food Imports, LLC, with an award of damages in the amount of $1,506,036.47, to be reduced by any amounts Atalanta has received from sales of the nonconforming goods during the pendency of this motion.

                                                s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J

Dated: June 5, 2018