UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DS-CONCEPT TRADE INVEST LLC, | Civil Action No. 16-429 (SRC) |
| Plaintiff, | |
| | OPINION |
| v. | |
| ATALANTA CORPORATION et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on the renewed motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), by Defendant Atalanta Corporation ("Atalanta"). For the reasons stated below, the motion will be granted in part and denied in part.

Atalanta filed an Answer which asserted, *inter alia*, third-party claims against third-party Defendant Traian Jikovski ("Jikovski.") Atalanta now moves for default judgment on these third-party claims.

Atalanta previously moved for default judgment against Jikovski. This Court denied the motion on the ground that the record did not show that Jikovski had been properly served. The renewed motion remedies that defect. Atalanta contends that Jikovski was properly served by mail under New Jersey Court Rule 4:4-4(b)(1), which states:

> (b) Obtaining In Personam Jurisdiction by Substituted or Constructive Service.
>
> (1) By Mail or Personal Service Outside the State. If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, in personam

> jurisdiction may be obtained over any defendant as follows:
>
> (A) personal service in a state of the United States or the District of Columbia, in the same manner as if service were made within this State or by a public official having authority to serve civil process in the jurisdiction in which the service is made or by a person qualified to practice law in this State or in the jurisdiction in which service is made; or
>
> . . .
>
> (C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to:
>
> > (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode . . .

Atalanta has submitted the Newman affidavit, which satisfies the requirements of New Jersey Court Rule 4:4-5(b) and demonstrates that, despite diligent effort and inquiry, personal service could not be made in accordance with paragraph (a) of New Jersey Court Rule 4:4-4. Pursuant to New Jersey Court Rule 4:4-4(b)(1)(C)(1), Jikovski was properly served by mail.

Furthermore, Atalanta points to the transcript of the hearing held on July 18, 2017 by Magistrate Judge Waldor. Jikovski appeared at the hearing by telephone, by permission of the Court, as a representative of Defendant Gourmet LLC. (Newman Dec. Ex. H.) The Court discussed the matter of service with Jikovski, and the Court reminded him that it had previously Ordered that Jikovski could be properly served by Gourmet's counsel Mr. Brooks having given Jikovski a copy of the third-party Complaint against him. (Id. at 12:24-13:8.) Magistrate Judge Waldor asked whether Gourmet's counsel had, in fact, given Jikovski a copy of the third-party Complaint against him, and Mr. Brooks replied that he had done so. (Id. at 13:5-8.) Magistrate Judge Waldor then stated: "So, Mr. Jikovski, you've got to put an answer or response in." (Id. at 13:15-16.)

This Court finds that Jikovski was properly served. The motion for default judgment will be granted. Atalanta seeks entry of default judgment against Jikovski on its third-party claims for breach of contract and aiding and abetting a breach of fiduciary duty. Judgment will be entered against Jikovski and in favor of Atalanta on these two claims.

As to damages, Atalanta seeks an award of $217,818.55 as damages for breach of contract, and $1,186,784.15 for aiding and abetting a breach of fiduciary duty. Because the third-party Complaint alleges facts that support a finding that Jikovski operated Gourmet LLC as an alter-ego entity, the Court will grant Atalanta's request that Jikovski and Gourmet LLC be jointly and severally liable for the damages award. Atalanta has proven its entitlement to an award of damages against Jikovski, jointly and severally with Gourmet, for $1,404,502.70.

Atalanta also moves for severance and preservation of all damage claims against Jikovski that have not yet been determined, pursuant to Federal Rule of Civil Procedure 21. Because Atalanta has not explained which claims should be severed and why, this request is denied.

                                                 s/ Stanley R. Chesler
                                                 Stanley R. Chesler, U.S.D.J

Dated: December 19, 2018