UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DS-CONCEPT TRADE INVEST LLC, | : | Civil Action No. 16-429 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION & ORDER |
| ATALANTA CORPORATION et al., | : | |
| Defendants. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration brought by Plaintiff DS-Concept Trade Invest LLC ("DS"), seeking reconsideration in part of the Opinion and Order of January 29, 2021, denying Plaintiff's motion for summary judgment. Defendant Atalanta Corporation ("Atalanta" or "AT") has opposed the motion. For the reasons stated below, the motion will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); L. Civ. R. 7.1(i).

DS moves for reconsideration only as to the decision to deny summary judgment on the

1

claims against AT involving 11 "Unpaid Invoices" for Pecorino cheese that Atalanta is alleged to have ordered from GFI[1] and verified to DS-Concept.

DS moves for reconsideration as to the Court's determination that a factual dispute over AT's affirmative defense of non-delivery precluded the entry of judgment as a matter of law in favor of DS. DS argues that, "in the Opinion, the Court's finding concerning delivery overlooked the substantial factual record concerning the confirmation of delivery and non-rejection . . ." (DS Br. 2.) This Court disagrees; rather, it appears that it is DS that has overlooked a key explanatory footnote in the Opinion: "Both parties to this motion offered substantial amounts of evidence that is probative of the issues of delivery, and the Court here offers only a single example to demonstrate the existence of a factual dispute that requires resolution at trial." (Opinion and Order of January 29, 2021 at 13 n.7.) DS has not pointed to any evidence that this Court overlooked. At trial, both parties will have the opportunity to present their evidence to the jury, which will determine the facts.

DS also moves for reconsideration as to AT's affirmative defense of breach based on non-conforming goods, but this cannot succeed. First, given this Court's affirmation of its decision that a factual dispute over AT's affirmative defense of non-delivery precluded the entry of judgment as a matter of law in favor of DS, a decision in favor of DS as to the non-conforming goods defense would not have changed the outcome such that DS would have overcome the factual dispute about delivery and merited the entry of judgment as a matter of law. Second, DS overlooks an essential problem: it did not move for summary judgment on *any*

---

[1] The Court used "GFI" to represent two similarly named entities, Defendant Gormet Food Imports LTD ("Gormet LTD") and Defendant Gourmet Food Imports, LLC ("Gourmet LLC"), separately and together.

of AT's affirmative defenses.[2] Instead, DS moved for summary judgment on five claims in the Amended Complaint: Count One (breach of contract), Count Two (Quantum Meruit), Count Three (Book Account), Count Four (Promissory Estoppel), and Count Five (Equitable Estoppel). In the opening brief, only the argument about the estoppel claim even mentioned AT's defenses, contending generally that AT was estopped from asserting them, with no specific reference to the defense of breach based on non-conforming goods. Federal Rule of Civil Procedure 56(a) states: "A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought." A party may not use a motion for reconsideration to obtain judgment on an issue it did not identify as the subject of summary judgment in the original motion.[3] See also Anspach v. City of Philadelphia, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.")

Last, Plaintiff seeks reconsideration of its argument that AT is estopped from asserting any and all defenses. Again, it is not this Court that overlooked Plaintiff's argument; instead, DS has overlooked the Court's analysis and explanation of its decision rejecting this argument. (See Opinion and Order of January 29, 2021 at 14-15.) A party cannot show error in the Court's decision if it ignores the explanation for it.

DS has failed to show a basis for reconsideration of any of this Court's decisions. The

---

[2] Instead, DS argued that AT was estopped from asserting any defenses as a matter of law, and this Court rejected that argument.

[3] And third, the timeliness of the notice of breach required by U.C.C. § 2-607 is a question of fact. Standard All. Indus., Inc. v. Black Clawson Co., 587 F.2d 813, 823 (6th Cir. 1978); Cliffstar Corp. v. Elmar Indus., Inc, 678 N.Y.S.2d 222, 223 (N.Y. App. Div. 4th Dept. 1998) ("Timely notification under section 2-607 is governed by the standard of reasonableness and is a question of fact.")

motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 17th day of March, 2021,

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 274) is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

4