UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DS-CONCEPT TRADE INVEST LLC,

Plaintiff,

v.

ATALANTA CORPORATION et al.,

Defendants.

Civil Action No. 16-429 (SRC)

**OPINION & ORDER**

**CHESLER, District Judge**

This matter comes before the Court on the on the appeal of Magistrate Judge Waldor's Letter Order, entered October 5, 2021, by Plaintiff DS-Concept Trade Invest LLC ("DS"). Defendant Atalanta Corporation ("Atalanta" or "AT"), as well as non-party Mark Mazzella, have opposed the motion. For the reasons that follow, the motion will be denied.

In the Magistrate Judge's Letter Order, the Magistrate Judge denied Plaintiff's motion to reopen discovery and compel the deposition of non-party Mark Mazzella. The Magistrate Judge wrote that the parties agreed on the applicable legal standard:

> [W]here a witness invokes his or her Fifth Amendment privilege against self-incrimination, a court may only override that privilege where it is "'perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency to incriminate." *Convertino v. United States DOJ*, 795 F.3d 587, 592 (6th Cir. 2015) (quoting *Hoffman v. United States*, 341 U.S. 479, 488 (1951) (internal citation omitted)).

(Letter Order at 5.) In short, the Magistrate Judge found that Plaintiff had not made it perfectly

1

clear that Mazzella's testimony could not possibly have a tendency to incriminate him, and denied the motion.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). In this District, when "the magistrate has ruled on a non dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." Kresefsky v. Panasonic Communs. & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). The burden is on the party filing the appeal to demonstrate that the standard for modifying or setting aside the magistrate judge's ruling has been met. Cardona v. Gen. Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996). Plaintiff has not persuaded this Court that the order at issue is clearly erroneous or contrary to law, nor an abuse of discretion.

Plaintiff has not carried its burden of demonstrating that the standard for reversing the Magistrate Judge's decision has been met. This Court agrees with Atalanta that the Magistrate Judge did not abuse her discretion. Moreover, the decision to deny the motion is correct. The Magistrate Judge found that Plaintiff's "own recitation of facts reflects that Mazzella may have allegedly tried, and failed, to defraud Citibank." (Letter Order at 7.) The Magistrate Judge thus correctly determined that it was not perfectly clear that Mazzella's testimony could not possibly have a tendency to incriminate him on charges of conspiracy or attempt to commit wire fraud against a financial institution.

In view of the fact that Plaintiff already deposed Mazzella once, that he repeatedly asserted his Fifth Amendment privilege against self-incrimination in response to all substantive questions, and he has declared his intention to continue to do so, if he is compelled to testify in

this matter, it would be totally pointless to attempt to compel another deposition. There is no reason to believe that the result will be any different.

The Letter Order is not clearly erroneous nor contrary to law, nor did the Magistrate Judge abuse her discretion in entering it. Plaintiff's appeal of Magistrate Judge Waldor's Letter Order, entered October 5, 2021, will be denied, and the Magistrate Judge's decision will be affirmed.

For these reasons,

**IT IS** on this 9th day of November, 2021

**ORDERED** that Plaintiff's appeal of the Magistrate Judge's Letter Order entered October 5, 2021 (Docket Entry No. 315) is **DENIED**; and it is further

**ORDERED** that the Magistrate Judge's Letter Order entered October 5, 2021 (Docket Entry No. 314) is hereby **AFFIRMED**.

                                       s/ Stanley R. Chesler
                                       Stanley R. Chesler, U.S.D.J